**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

KENNETH L. WALLER
ADC #103829                                                                                              PLAINTIFF

V.                              No. 1:11CV00053 JLH-BD

JOHN MAPLES, JR. *et al.*                                                                      DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.     Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II. Background:

Plaintiff Kenneth Waller, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se and is proceeding *in forma pauperis*. Mr. Waller previously requested leave to file an amended complaint, which he has now filed. (Docket entry #16)

In his amended complaint, Mr. Waller alleges that the named Defendants violated his first, fifth, eighth, and fourteenth amendment rights based on a Prison Rape Elimination Act ("PREA") investigation that occurred in early 2011. According to Mr. Waller, he was unconstitutionally disciplined for entering a vacant cell on the morning of February 13, 2011, with another inmate, covering the glass window, and allegedly engaging in sexual activity. Mr. Waller received thirty days in punitive segregation and a reduction in class status as a result of this disciplinary conviction.

Mr. Waller fails to state a claim for relief against the named Defendants. For that reason, Mr. Waller's claims should be DISMISSED without prejudice.

## III. Analysis:

### A. Standard

Federal courts are required to screen prisoner complaints seeking relief against a government entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss any part of a complaint raising claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted, or seek money from a defendant who is immune from paying damages. 28 U.S.C § 1915A(b).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a state employee deprived him of a right, privilege, or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. A complaint does not have to include detailed factual allegations, but the complaint must contain enough facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S.__, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, __ U.S. __, 129 S.Ct. at 1940. Pro se complaints are construed liberally, but they still must include "enough facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.     Verbal Harassment

Here, Mr. Waller claims that Defendants Garcia, Brandon, Noell, and Page "maliciously and illegally harassed" him, in violation of his constitutional rights. (#16 at pp.2, 3) Unfortunately for Mr. Waller, claims of verbal harassment generally are not actionable under 42 U.S.C. § 1983. See *Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (unpub. per curiam) (citing *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)). Accordingly, this claim fails.

C.  Violation of ADC Policy

Mr. Waller also claims that Defendants Brandon, Noell, Page, Garcia, Clark, Davis, Naylor, and Maples "failed to follow their own regulations." Specifically, he alleges that these Defendants did not inform him of his rights against self-incrimination, that he was disciplined on an expired disciplinary, that he was not given an valid extension during the PREA investigation, and that Defendant Maples did not timely review his disciplinary. This may all be true, but the United States Constitution does not require prison officials to follow internal prison policies and procedures. For that reason, the Defendants cannot be sued under 42 U.S.C. § 1983 for that alleged misconduct. See *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

D.  First Amendment Violation

Mr. Waller was convicted of engaging in sexual activity with a fellow inmate. He argues that inmate Tatum was a childhood friend of his and that he was not engaged in a sexual relationship with Mr. Tatum in February of 2011. Mr. Waller repeatedly states that his first amendment right of association was violated as a result of the Defendants' conduct. This claim also fails.

"A prison inmate only retains those First Amendment rights not inconsistent with his status as a prisoner. The most obvious right forfeited by a convicted inmate is the right to free association." *Barr v. Delo*, 1993 WL 358474, *2 (8th Cir. 1993) (citing

*Jones v. North Carolina Prisoner's Labor Union, Inc.*, 433 U.S. 119, 125-26 (1977). Mr. Waller has no claim that his first amendment rights were violated when he was convicted of engaging in sexual activity with another inmate. This is plainly not the type of activity protected by the First Amendment.

  E. Fifth Amendment Violation

"[T]he general rule is that a person has no claim for civil liability based on the Fifth Amendment's guarantee against compelled self-incrimination unless compelled statements are admitted against him in a criminal case." *Entzi v. Redmann*, 485 F.3d 998, 1002 (8th Cir. 2007) (citing *Chavez v. Martinez*, 538 U.S. 760, 767, 123 S.Ct. 1994, 155(2003)). In *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 155 (1976), the Supreme Court held that, although prison disciplinary hearings are not criminal proceedings, the Fifth Amendment's privilege against self-incrimination applies to these disciplinary hearings and protects prisoners from attempts by prison authorities to compel testimony "that might incriminate [the prisoner] in later criminal proceedings . . . ." *Baxter*, 425 U.S. at 316, 96 S.Ct. at 1557.

Here, Mr. Waller repeatedly claims that Defendants Garcia, Brandon, Page, and Clark violated his fifth amendment rights when they failed to inform him of his right against self incrimination and when he was "coerced" into stating that he had engaged in sexual activity with another inmate. Mr. Waller, however, fails to allege that such an admission could be used in any future criminal proceeding. The Court is not aware of any

pending criminal charges against Mr. Waller as a result of the disciplinary at issue, and Mr. Waller has not included any supporting facts in his amended complaint. As a result, this claim also fails.

    F.    Equal Protection Claim

An inmate bringing an equal protection claim must show intentional or purposeful discrimination. *Klinger v. Dep't. of Corr.*, 31 F.3d 727, 733 (8th Cir. 1994). "The heart of an equal protection claim is that similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)). An equal protection analysis begins with whether the inmate has shown that he has been treated differently from others who are similarly situated. *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999). Here, Mr. Waller has failed to provide any facts to support such a claim.

Mr. Waller argues that another inmate should have received the disciplinary at issue. He states that, rather than being disciplined, inmate Jenkins has been "released and transferred." (#16 at p.16) These facts, assuming they are true, are insufficient to support an equal protection claim. Mr. Waller fails to include any facts to enable the Court to determine whether Mr. Waller and inmate Jenkins were "similarly situated." Moreover, Mr. Waller fails to include any facts to support his conclusory allegation that the Defendants intentionally discriminated against him. As a result, this claim fails.

G.    Due Process Violation

Mr. Waller alleges that his due process rights were violated because the Defendants would not permit him to present a videotape during his disciplinary hearing. Mr. Waller claims that the videotape would have showed that he was taking a pre-GED exam on the date in question. In addition, he states that he was convicted of an "expired" disciplinary and that he was not properly given an extension during the PREA investigation.

To prevail on a Fourteenth Amendment Due Process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Mr. Waller does not allege that Defendants deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim. *Id*.

A prisoner's liberty interests are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or to actions which "inevitably affect the duration of [a prisoner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995).

Here, Mr. Waller claims that while he was assigned to punitive segregation for thirty days, he could not participate in his GED classes, mingle with others, or attend church. In addition, he states that he was permitted to leave his cell for only one hour of exercise or to shower and, that when he did so, he was restrained in handcuffs and leg

irons. Mr. Waller also explains that he was subject to daily shakedowns and strip searches while housed in punitive segregation. (#16 at p.30)

Although Mr. Waller may have been uncomfortable during the time he spent in punitive segregation, the Court cannot conclude that the conditions he describes qualify as an "atypical and significant hardship." The Eighth Circuit has held that placement in punitive isolation for relatively short intervals, including the temporary suspension of privileges while so confined, does not constitute the type of "atypical and significant" hardship that would trigger the protection of the Due Process Clause. See *Portley–El v. Brill*, 288 F.3d 1063, 1065–66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo*, Case No. 95–3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days in lock-down, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation were not an "atypical and significant hardship" under *Sandin*); and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. Dec. 15, 2009) (inmate plaintiff failed to state a due process claim even though assigned to administrative segregation for nearly nine months).

Further, although Mr. Waller's class status was reduced as a result of the disciplinary at issue, he has no liberty interest in classification. See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005) (unpublished per curiam) (holding that inmate did not have a constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107

Fed. Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interest in particular classification); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (holding that "[t]he Due Process Clause does not itself create a liberty interest in a particular prison classification"); *Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990) (ADC inmate had no right to consideration of Class I status); and *Strickland v. Dyer*, 628 F.Supp.180, 181 (E.D. Ark. 1986) (because Arkansas law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, ADC prisoner could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction).

Because Mr. Waller has failed to allege that he suffered atypical and significant hardship while housed in punitive segregation, he has failed to raise a liberty interest necessary to proceed on this due process claim.

H.   Conspiracy

In his amended complaint, Mr. Waller states that all Defendants conspired to violate his fifth amendment and due process rights. It is well settled that a conspiracy claim must be pled with sufficient specificity and factual support to suggest a "mutual understanding" between the defendants, or a "meeting of the minds." *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (dismissing a prisoner's conclusory conspiracy claim because he failed to plead specific facts suggesting a mutual understanding or meeting of the minds); *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (same); *Smith v. Bacon*,

699 F.2d 434, 436 (8th Cir. 1983) (same).  Here, Mr. Waller has failed to allege facts to support a conspiracy claim.  Further, as discussed, he has failed to state the underlying fifth amendment and due process claims.  Accordingly, this claim also must be dismissed.

    I.      Failure to Train and Supervise

Mr. Waller claims that Defendant Maples, as Warden of the Grimes Unit of the ADC, failed to supervise and train his employees.  In order to establish that claim, Mr. Waller must allege (a) the training practices at the Grimes Unit were inadequate; (b) the failure to train was a result of a deliberate and conscious choice by Defendant Maples; and (c) the training deficiency actually caused Mr. Waller's injury.  *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197 (1989)).  Here, Mr. Waller has not included any facts in his amended complaint to support this claim.  His unsubstantiated conclusory allegation falls short of stating a claim for relief under 42 U.S.C. § 1983.

    J.      Access to the Law Library

Mr. Waller alleges that Defendants Bagwell and Maples violated his constitutional rights by denying him access to the law library.  Unfortunately for Mr. Waller, an allegation that prison officials impeded access to the courts, standing alone, does not amount to a constitutional violation.  This constitutional violation requires a showing that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury.  *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007).

To show an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or . . . impeded." *Id*.

Here, Mr. Waller has not alleged any actual injury caused by the Defendants' conduct. Although he claims that he was not able to timely file a grievance because he was not provided an opportunity to review certain ADC policies, he has not alleged that legal claim was impeded. For that reason, he has not stated an access-to-courts claim that can be heard in federal court.[1]

K.   False Disciplinary

Apparently, Mr. Waller also was convicted of abuse of a staff member during the PREA investigation. Mr. Waller claims that Defendant Budnick falsely charged him with this disciplinary.

The issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. See *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir. 1986)). Filing a false disciplinary can violate the constitution if done in retaliation for exercising a federally protected right, but here, Mr. Waller has not alleged or identified any retaliatory motive

---

[1] To the extent that Mr. Waller argues that his fifth amendment claim may be procedurally barred because he was not able to properly exhaust his administrative remedies as required by the PLRA, that claim also fails. Even if Mr. Waller had properly exhausted that claim, he has failed to state a claim for a fifth amendment violation.

that Defendant Budnick might have had to issue a false disciplinary. Therefore, this claim fails.

Mr. Waller also alleges that his due process rights were violated as a result of this disciplinary conviction and that Defendant Budnick violated ADC policy when he issued this disciplinary. As discussed, the violation of ADC policy is insufficient to state a constitutional claim. Further, Mr. Waller fails to state what liberty interest was implicated in order to proceed on this due process claim. Although he states that this offense could have resulted in the loss of good time, he does not state what punishment he received as a result of this disciplinary conviction. (#16 at p.23) As a result, these claims also fail.

  L. Sexual Harassment

In his amended complaint, Mr. Wallers states that Defendant Page sexually harassed him. The Eighth Circuit has specifically stated that sexual harassment of a prisoner by a prison official can violate the Eighth Amendment. *Frietas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in physical and psychological harm, such abuse can, in certain circumstances, constitute the unnecessary and wonton infliction of pain." *Id*. (internal quotation omitted) Only severe or repetitive sexual abuse, however, rises to the level of an eighth amendment violation. See *Schwenk v. Hartford*, 204 F.3d 1187 (9th Cir. 2000) (holding inmate

plaintiff sufficiently stated eighth amendment claim where prison official repeatedly requested oral sex, groped inmate plaintiff's buttocks, exposed his genitals to inmate plaintiff, and forcibly pressed his exposed penis into the inmate plaintiff's buttocks) and *Berry v. Oswalt*, 143 F.3d 1127 (8th Cir. 1998) (finding sufficient evidence to support an eighth amendment violation when prison officer attempted to perform non-routine patdown searches on inmate plaintiff, propositioned the inmate plaintiff for sex, intruded upon her when she was not fully dressed, and repeatedly made sexual comments to her). Here, Mr. Waller, again, fails to include any facts to support an eighth amendment violation. As a result, this claim fails.

## IV.  Conclusion:

The Court recommends that Mr. Waller's complaint be DISMISSED, without prejudice. The Court further recommends that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 26th day of July, 2011.

_____
UNITED STATES MAGISTRATE JUDGE